UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATRINA BROWN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 19-10634 |
| LIBERTY MUTUAL INSURANCE CO., ET AL. | SECTION: "A" (2) |

## **ORDER AND REASONS**

The following motion is before the Court: **Motion to Remand (Rec. Doc. 10)** filed by Plaintiff Catrina Brown. Defendant Liberty Mutual County Insurance Co. ("Liberty") opposes the motion. The motion, submitted for consideration on January 22, 2020, is before the Court on the briefs without oral argument.

Plaintiffs Catrina Brown and Renata Brown filed suit against Liberty in state court to recover payments under a UM policy. Plaintiffs were passengers in a vehicle involved in an automobile accident in New Orleans, Louisiana. Liberty removed the suit to this Court invoking diversity jurisdiction. It is undisputed that the Court's original subject matter jurisdiction was grounded on Renata Brown's claim and that the Court had supplemental jurisdiction (not original jurisdiction) over Catrina Brown's claim. (Rec. Doc. 1, Notice of Removal ¶ 4).

Liberty and Renata Brown settled. On January 9, 2020, Renata Brown was dismissed from this suit as a plaintiff. (Rec. Doc. 14).

Catrina Brown ("Brown") urges the Court to decline to exercise jurisdiction over her claim for damages. Brown asserts that her claim is not valued at more than $50,000

much less the jurisdictional threshold for a federal court. (Rec. Doc. 10-1, Memorandum at 2).

Liberty argues *inter alia* that with trial scheduled for March 16, 2020, the Court should keep the case.[1]

A district court's decision whether to exercise supplemental jurisdiction after dismissing the claim over which it had original jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(a), (c)). The general rule in this circuit is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal law claims are eliminated before trial. *IntegraNet Phys. Res., Inc. v. Tex. Indep. Prov., LLC*, 945 F.3d 232, 241 (5th Cir. 219) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).

This Court has not invested a significant amount of its judicial resources in this litigation. The Court's case manager conducted a scheduling conference by telephone and the instant motion to remand is the first contested motion that the Court has been called upon to address. The docket sheet does not indicate that the assigned magistrate judge has been called upon to work on this case. Any discovery and expert reports that the parties might have obtained in accordance with this Court's scheduling order can be used in the case once it is remanded to state court.

Accordingly, and for the foregoing reasons;

---

[1] At this time the Court has a criminal matter scheduled for that same date that would prime the civil trial in this matter.

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 10)** filed by Plaintiff Catrina Brown is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed.

January 29, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE